UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT WILLIS (#73443)

VERSUS                                              CIVIL ACTION

HONORABLE JUDGE JOHN DOE                            NUMBER 12-794-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 25, 2013.

                                                        STEPHEN C. RIEDLINGER
                                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT WILLIS (#73443)

VERSUS                                                CIVIL ACTION

HONORABLE JUDGE JOHN DOE                              NUMBER 12-794-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against an unidentified judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Plaintiff alleged that the unidentified judge denied his Motion to Correct an Illegal Sentence and Request for a New Sentencing Hearing in violation of his Fourteenth Amendment right to due process. Plaintiff sought a declaratory judgment that the state court judge violated his procedural due process rights by denying the motion without a hearing, and an order requiring the judge to appoint counsel for the plaintiff and conduct a full hearing on the Motion to Correct an Illegal Sentence and Request for a New Sentencing Hearing.

For the reasons which follow, the plaintiff's complaint should be dismissed.

**I. Factual Allegations**

Plaintiff alleged that he was convicted in 1967 of an

aggravated rape charge in the Nineteenth Judicial District Court for the Parish of East Baton Rouge and was sentenced to death. Plaintiff alleged that on November 23, 1971, the Louisiana Supreme Court affirmed his conviction but vacated his death sentence and ordered the trial court to re-sentence him to a term of life imprisonment. Plaintiff alleged that in August 2011, he filed a Motion to Correct an Illegal Sentence and Request for a New Sentencing in the Nineteenth Judicial District Court challenging his life sentence. Plaintiff alleged that on January 19, 2012, the trial court denied his motion. Plaintiff alleged that on September 12, 2012, the Louisiana Supreme Court denied supervisory review.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. No Appellate Jurisdiction to Review**

It is beyond the power of the federal court to enjoin the effect of a state court judgment.  *Eitel v. Holland*, 787 F.2d 995, 997 (5th Cir. 1986).  Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court," and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action.  *Id*. (quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)).  It is well-established that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court."  *Atlantic Coast Line Railroad*

3

*Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743 (1970); *see also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 & n. 16, 103 S.Ct. 1303, 1311, 1315 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150 (1923).

**C. Mandamus**

The United States District Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff.  28 U.S.C. § 1361.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, January 25, 2013.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE